

"O"

FILED

AUG 1 3 2009

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| JAVIER MARTINEZ,<br><br>Petitioner,<br><br>v.<br><br>J.F. SALAZAR, Warden,<br><br>Respondent. | ) ) ) ) ) ) ) ) ) ) | Case No. CV 09-5541-SJO (MLG)<br><br>MEMORANDUM AND ORDER DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY |

## I.   Factual and Procedural Background

Petitioner is a state prisoner currently incarcerated at the Chuckawalla State Prison in Blythe, California.  He filed this petition for writ of habeas corpus on July 29, 2009.  Because this is Petitioner's second habeas corpus petition challenging the same underlying state court conviction, this petition must be dismissed as successive under 28 U.S.C. § 2244(b)(3)(A).

The following facts and procedural history are taken from the Report and Recommendation filed by this Court on September 24, 2001, in the matter of *Javier Martinez v. Silvia Garcia*, Case No. CV 01-3392-NM (MLG):

//

In 1994, petitioner was convicted by jury of first degree murder and personally using a firearm. He was sentenced to a term of 25 years to life plus 4 years in state prison. The California Court of Appeal affirmed the conviction and sentence on August 4, 1995. Petitioner did not seek review in the California Supreme Court.

On August 2, 1996, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal. That court denied the petition on August 8, 1996. On August 19, 1996, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. That petition was denied on November 26, 1996. On June 3, 1997, petitioner filed a petition for writ of habeas corpus in this Court – case no. CV 97-4115-NM (CW). That petition was voluntarily dismissed by petitioner on June 27, 2000. On March 27, 2001, petitioner filed a second petition for writ of habeas corpus in the California Supreme Court. That petition was denied on July 19, 2001.

On April 13, 2001, Petitioner filed the previously referenced petition for writ of habeas corpus in this court, *Martinez v. Garcia*, Case No. CV 01-3392-NM (MLG), challenging the 1994 murder conviction. Respondent filed a motion to dismiss the petition, contending that the petition was time-barred by the 1-year statute of limitations set out in 28 U.S.C. § 2244(d)(1)(A). On November 21, 2001, District Judge Nora M. Manella dismissed the petition with prejudice, finding that it was untimely filed. On August 7, 2002, the United States Court of Appeals for the Ninth Circuit denied a certificate of appealability ("COA"). It appears that the order denying the COA was vacated on October 2, 2002,

1  but on August 3, 2004, the Ninth Circuit again denied a COA.

2  The current petition reveals that in 2008, Petitioner returned to

3  the state courts in an attempt to obtain post-conviction relief from

4  the 1994 judgment. A petition for writ of habeas corpus was filed in

5  the Los Angles County Superior Court and denied on September 24, 2008.

6  In   that   petition,   Petitioner   made   numerous   allegations   of

7  constitutional error and also claimed that he was actually innocent.

8  Similar petitions for writ of habeas corpus, raising the same claims,

9  were   subsequently   denied   by   the   California   Court   of   Appeal   and   the

10  California   Supreme   Court,   most   recently   on   June   17,   2009,   with   a

11  citation to *In re Robbins*, 18 Cal. 4th 770 (1998) and *In re Clark*, 5

12  Cal.   4th   750   (1993),   both   of   which   stand   for   the   proposition   that

13  untimely petitions for post-conviction relief shall not be considered

14  by the California courts. *In re Javier Martinez*, Case No. S169243.

15  This petition followed. Petitioner again seeks to challenge the

16  1994   murder   conviction   and   firearm   use   enhancement   that   formed   the

17  basis   of   the   untimely   petition   addressed   in   Case   No.   CV   01-3392-NM

18  (MLG). Petitioner raises 11 grounds for relief and also claims that he

19  is actually innocent of the offense for which he was convicted. For the

20  reasons   set   forth   below,   the   petition   is   ordered   dismissed   without

21  prejudice to Petitioner's right to apply to the United States Court of

22  Appeals for the Ninth Circuit for leave to file a successive petition.

23

24  **II.   Discussion.**

25  Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in

26  the   United   States   District   Court,   a   district   court   may   summarily

27  dismiss a habeas petition, before the respondent files an answer, "[i]f

28  it   plainly   appears   from   the   face   of   the   petition   ...   that   the

3

1 petitioner is not entitled to relief." The notes to Rule 4 state: "a

2 dismissal may be called for on procedural grounds, which may avoid

3 burdening the respondent with the necessity of filing an answer on the

4 substantive merits of the petition." *See Boyd v. Thompson*, 147 F.3d

5 1124, 1127-28 (9th Cir. 1998). It is beyond question that this Court

6 lacks jurisdiction to review this petition without authorization from

7 the court of appeals. Accordingly, summary dismissal of this petition

8 is warranted.

9        This petition is governed by the provisions of the Antiterrorism

10 and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat.

11 1214) ("AEDPA"), enacted on April 24, 1996.  Among other things, AEDPA

12 amended 28 U.S.C. § 2244 to require that "[b]efore a second or

13 successive application [for writ of habeas corpus] permitted by this

14 section is filed in the district court, the applicant shall move in the

15 appropriate court of appeals for an order authorizing the district

16 court to consider the application." 28 U.S.C. § 2244(b)(3)(A).  Section

17 2244(b)(3)(A) explicitly provides that a second and/or successive

18 petition, like the one in this case, requires Ninth Circuit approval

19 before it can be considered by the district court. *Burton v. Stewart*,

20 549 U.S. 147, 153 (2007).  This Court must dismiss any second or

21 successive petition unless the court of appeals has given Petitioner

22 leave to file the petition because a district court lacks

23 subject-matter jurisdiction over a second or successive petition.

24 *Burton*, 549 U.S. at 157.

25        A claim in a second or successive habeas petition which was not

26 previously presented may be considered if the petitioner shows that the

27 factual predicate for the claim could not have been discovered

28 previously through the exercise of reasonable diligence. 28 U.S.C. §

4

1   2244(b)(2)(B)(i). However, a petitioner is still required to seek
2   authorization from the court of appeals in order to have the district
3   court consider the petition. 28 U.S.C. § 2244(b)(3)(A), *see also Reyes*
4   *v. Vaughn*, 276 F.Supp.2d 1027, 1030 (C.D.Cal. 2003) ("[T]o the extent
5   that petitioner would like to show that he falls within one of the
6   exceptions to dismissal of successive habeas petitions, 28 U.S.C. §
7   2244(b)(2)(B), he must first present any such claim to the Court of
8   Appeals rather than to this Court.") This is so even if the dismissal
9   of the earlier petition was based upon the failure to comply with the
10  one-year statute of limitations. *Murray v. Greiner*, 394 F.3d 78, 81
11  (2nd Cir. 2005) ("[D]ismissal of a § 2254 petition for failure to
12  comply with the one-year statute of limitations constitutes an
13  adjudication on the merits that renders future petitions under § 2254
14  challenging the same conviction 'second or successive' petitions under
15  § 2244(b).")`; Reyes`, 276 F.Supp.2d at 1029 (same).
16      This petition was filed without leave of the Ninth Circuit. Until
17  the Ninth Circuit authorizes the filing of this petition, this Court
18  lacks jurisdiction to consider the merits. *See Burton*, 549 U.S. at 157;
19  *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001). Accordingly,
20  dismissal of the petition without prejudice is required.
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //

1 III. Order.

2      In accordance with the foregoing, IT IS HEREBY ORDERED that the

3 petition is DISMISSED without prejudice to petitioner's applying to the

4 United States Court of Appeals for the Ninth Circuit for leave to file

5 a second or successive petition.

6 Dated: August 13, 2009

7

8 _____

9 S. James Otero
  United States District Judge

10

11 Presented by:

    */s/ Marc L. Goldman*

12 _____
  Marc L. Goldman

13 United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6